In the Matter of ROMAR INTERNATIONAL GEORGIA, INC., Debtor.

ROMAR INTERNATIONAL GEORGIA, INC., Ronald S. Penn and Christopher Cave–Bigley, Plaintiffs,

v.

SOUTHTRUST BANK OF ALABAMA, NATIONAL ASSOCIATION, Defendant.

Bankruptcy No. 95–30551.
Adversary No. 96–3006.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

July 12, 1996.

Jack B. Hood, Mobile, Alabama, for Plaintiffs.

Gary W. Farris, Atlanta, Georgia, for Defendant.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

SouthTrust Bank of Alabama, National Association, Defendant, filed on May 7, 1996, Defendant's Motion to Dismiss Claims of Plaintiffs Ronald S. Penn and Christopher Cave–Bigley for Lack of Subject Matter Jurisdiction and Lack of Standing. Romar International Georgia, Inc., Ronald S. Penn, and Christopher Cave–Bigley (collectively "Plaintiffs") filed a response on May 22, 1996. A hearing on Defendant's motion was held on May 23, 1996. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Romar International Georgia, Inc., Debtor, was in the business of processing and shipping chicken parts. Mr. Penn and Mr. Cave–Bigley are shareholders of Debtor. Defendant provided financing for Debtor. Mr. Penn and Mr. Cave–Bigley personally guaranteed the obligations of Debtor to Defendant.

Debtor had financial problems and filed a petition under Chapter 11 of the Bankruptcy Code on June 15, 1995. Debtor has ceased doing business and will not reorganize as a going concern. Debtor, however, continues as the debtor in possession. Defendant filed on October 10, 1995, a proof of claim in Debtor's bankruptcy case in the amount of $3,546,813.44. Mr. Penn and Mr. Cave–Bigley have not filed proofs of claim[1] or proofs of interest in Debtor's bankruptcy case. Defendant has called upon Mr. Penn and Mr. Cave–Bigley to honor their guarantees. Mr. Penn and Mr. Cave–Bigley have refused.

Plaintiffs filed an adversary proceeding in this Court on January 23, 1996. Plaintiffs filed an amended complaint on March 18, 1996.[2] The complaint asserts lender liability actions against Defendant. The complaint is brought solely under Georgia law and does not allege any violations of federal law.[3] Plaintiffs seek damages in the amount of $225,000,000. Defendant filed its second amended response to Plaintiffs' complaint on April 15, 1996.[4] Defendant asserts a counterclaim against Mr. Penn and Mr. Cave–Bigley to collect on their personal guarantees. The counterclaim also asserts that

---

1. The bar date for filing a proof of claim was October 11, 1995.

2. The Court entered an order on March 26, 1996, allowing Plaintiffs' motion to amend their complaint.

3. Plaintiffs' amended complaint states that Georgia's substantive law provides the rules of decision.

4. The Court entered an order on April 23, 1996, allowing Defendant's motion to amend its answer.

Plaintiffs made false representations to Defendant in obtaining financing for Debtor's operations. Defendant argues that the proper venue for its counterclaim is in the federal and state courts of Jefferson County, Alabama. Defendant argues that its counterclaim and Plaintiffs' complaint are non-core matters. Defendant does not consent to this Court issuing a final order or judgment.[5]

Plaintiffs, in their amended complaint, state that this Court has subject matter jurisdiction "predicated upon 28 U.S.C., § 1334(b) for [Debtor] and upon 28 U.S.C. § 1367(a) for Penn and Bigley.... As to Plaintiff [Debtor], this is a core proceeding. As to Plaintiffs Ronald S. Penn and Christopher Cave–Bigley, this is a non-core proceeding. All Plaintiffs consent to entry of final order and judgment by the Bankruptcy Court." *Plaintiffs' Amended Complaint,* section 1 (filed March 18, 1996).

Section 1334 of 28 U.S.C.A. provides, in part:

### § 1334. Bankruptcy cases and proceedings

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334(a), (b), and (c) (West 1993 and Supp.1996).

Section 157(a) of 28 U.S.C.A. provides:

### § 157. Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C.A. § 157(a) (West 1993).

· The United States District Court for the Middle District of Georgia entered an order on July 13, 1984, referring to this United States Bankruptcy Court all bankruptcy cases and related matters as authorized by 28 U.S.C.A. § 157(a).

The question presented is whether, as a part of Debtor's bankruptcy case, this United States Bankruptcy Court has jurisdiction to decide the lender liability claims asserted by Mr. Penn and Mr. Cave–Bigley.

The bankruptcy court is a court of limited subject matter jurisdiction. *Canadian Pacific Forest Products Ltd. v. J.D. Irving Ltd. (In re The Gibson Group, Inc.),* 66 F.3d 1436, 1440 (6th Cir.1995); *Querner v. Querner (In re Querner),* 7 F.3d 1199, 1201 (5th Cir.1993).

■ "Where a federal court rules in a matter over which it does not have jurisdiction, its decisions, opinions and orders are without effect." *Federal Deposit Insurance Corp. v. Majestic Energy Corp. (In re Majestic Energy Corp.),* 835 F.2d 87, 89 (5th Cir. 1988). A jurisdictional issue can be first raised on appeal even though never previously raised. *Gower v. Farmers Home Administration (In re Davis),* 899 F.2d 1136, 1138 n. 5 (11th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990).

"Three classes of controversy can arise before a bankruptcy court: core proceedings,

---

**5.** *See* 28 U.S.C.A. § 157(c) (West 1993).

non-core related proceedings, and non-core unrelated proceedings." *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992).

■ The bankruptcy court has jurisdiction to hear non-core proceedings that are *related to* a bankruptcy case.[6] The bankruptcy court lacks jurisdiction to consider disputes between third parties over non-estate property.

"[Bankruptcy courts] may not entertain cases involving noncore, unrelated matters, *see, e.g., Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). ('[J]urisdiction over non-bankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.')" *Gallucci v. Grant (In re Gallucci)*, 931 F.2d 738, 741 (11th Cir.1991). *See also Gardner v. United States (In re Gardner)*, 913 F.2d 1515 (10th Cir.1990); *In re Hall's Motor Transit Co.*, 889 F.2d 520 (3d Cir.1989).

"As several courts have observed, 'a vast majority of cases find that "related to" jurisdiction is lacking in connection with third-party complaints'." *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir.1995).

Plaintiffs and Defendant agree that the lender liability claims asserted by Mr. Penn and Mr. Cave–Bigley are noncore matters. Thus, the claims asserted by Mr. Penn and Mr. Cave–Bigley must be "related to" Debtor's bankruptcy case in order for this Court to have jurisdiction. The lender liability actions assert causes of action solely under Georgia law. The actions do not allege that Defendant violated bankruptcy law or other federal law.

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*,[7] the appellants purchased from the Chapter 7 trustee certain equipment which had been owned by the debtor. The equipment was located on land which had been leased by the debtor. The appellants failed to timely remove the equipment.

The debtor's landlord filed a motion in the bankruptcy court seeking damages for the loss of use of its land. The Eleventh Circuit Court of Appeals held that the bankruptcy court did not have jurisdiction to decide the landlord's action. The Eleventh Circuit stated:

The circuits have developed slightly different definitions of what constitutes a related case under § 1471(b) and its nearly identical successor, § 1334(b). However, it is well settled that the jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is limited initially by statute and eventually by Article III. For subject matter jurisdiction to exist there must be some nexus between the related civil proceeding and the Title 11 case. In exploring the bounds of this nexus we endeavor to seek a definition for "related to" that best represents Congress' intent to "reduce substantially the time-consuming and expensive litigation regarding a bankruptcy court's jurisdiction over a particular proceeding." The interpretation of § 1334(b) must also avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate....

....

We hold that the dispute between Miller Resources and Kemira is not "related to" the bankruptcy; its connections with the estate of debtor Lemco are simply too tenuous for jurisdiction to lie under § 1334(b). Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate or the allocation of assets among creditors. The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of § 1334(b). Judicial economy itself does not justify federal jurisdiction. The district court had no independent basis for

---

6. In a non-core, related to proceeding, "the bankruptcy court submits proposed findings of fact and conclusions of law to the district court ... or with the consent of the parties, enters appropriate orders and judgments." *Gallucci v.*

*Grant (In re Gallucci)*, 931 F.2d 738, 742 n. 15 (11th Cir.1991).

7. 910 F.2d 784 (11th Cir.1990).

federal question jurisdiction over the dispute between Miller Resources and Kemira.

## II.

If the district court has no jurisdiction over a particular proceeding, then neither does the bankruptcy court.

910 F.2d at 787–89.

In *Community Bank of Homestead v. Boone (In re Boone),*[8] the Chapter 7 debtors filed an adversary proceeding seeking (1) a determination of the extent of a bank's lien against their residence, (2) a court order compelling the bank to accept that amount in satisfaction of its lien, and (3) damages for the bank's postpetition tortious interference with the debtors' effort to sell their residence. The bank argued that the bankruptcy court did not have jurisdiction to decide the postpetition tortious interference claim. The Eleventh Circuit Court of Appeals agreed and stated:

### Issue and Standard of Review

The Bank contends that the district court had no bankruptcy jurisdiction over the Boones' state-law tort claim....

### Discussion

Title 28, section 1334(b) creates federal jurisdiction over "civil proceedings arising under title 11 or arising in or related to a case under title 11." Thus, for federal bankruptcy jurisdiction to exist, a case must at minimum "relate to" a case under title 11. *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987).

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the han-

dling and administration of the bankruptcy estate.

*In re Lemco,* 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)); *see also Celotex Corp. v. Edwards,* —— U.S. ——, ——, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995) (citing *Pacor, Inc.* with approval, although not explicitly adopting its relatedness test).

The Boones' claim against the Bank for intentional interference with the sale of their house falls outside even the broad sweep of section 1334(b) related-to jurisdiction. The Boones fail to proffer any effect that the outcome of the tortious interference claim could have on their bankruptcy estate. The conduct giving rise to the claim occurred after the petition in bankruptcy, and therefore the cause of action is not property of the estate. *See* 11 U.S.C. § 541(a). Accordingly, any damages would belong solely to the Boones....

Rather than positing any effect that their tortious interference claim has on the bankruptcy estate, the Boones assert that the proceeding is a core proceeding, as defined in 28 U.S.C. § 157(b)(1), (2), for two primary reasons. First, they contend, the tort claim is a core proceeding because it was brought with two other core proceedings, one concerning the extent of the Bank's lien and another involving the dischargeability of the debt arising from the corporate guarantee. Second, according to the Boones, their role as debtors in the chapter 7 case makes the tortious interference claim a core proceeding.

We reject both arguments. First, although the claim to determine the extent of the Bank's lien and the tortious interference claim will share the common factual issue of the effect of the dragnet clause, this "common issue[ ] of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of § 1334(b)." *In re Lemco,* 910 F.2d at 789. As we observed in *Lemco,* judicial economy itself does not justify jurisdiction. *Id.* Second, the mere fact that the Boones are both

---

**8.** 52 F.3d 958 (11th Cir.1995).

debtors and plaintiffs does not give rise to bankruptcy jurisdiction over their claim. Because the outcome of their tortious interference suit has no conceivable effect on the estate or the administration of it, the Boones are, in a sense, not acting as debtors . . . .

The lack of effect on the estate is thus fatal to bankruptcy jurisdiction over the claim. The Boones allege no alternative basis for federal jurisdiction. Accordingly, we hold that the district court, and therefore the bankruptcy court, lacked jurisdiction over the claim.

52 F.3d at 960–61.

Plaintiffs, in their brief filed on May 22, 1996, state:

3. Subject matter jurisdiction for Plaintiff Romar's claims is based upon 28 U.S.C. § 1334(b). *See Arthur Pew Construction Co. v. Lipscomb,* 965 F.2d 1559 (11th Cir. 1992). Romar is also a shareholder as a result of share surrender by Vincent Pacifico on or about July 26, 1995. *See* Exhibit 1 attached hereto. Thus, the outcome of Penn and Cave–Bigley's actions would affect property rights in Romar's bankruptcy estate.

■ In the motion before the Court, Defendant does not dispute that this Court has jurisdiction to decide Debtor's claims against Defendant. Defendant questions the Court's jurisdiction to hear Mr. Penn's and Mr. Cave–Bigley's claims.

The Court notes that Mr. Penn and Mr. Cave–Bigley seek to recover as individuals. The recovery, if any, that they receive would be their individual property and not property of Debtor's bankruptcy estate. The mere fact that there may be common issues of fact between the action asserted by Debtor and the actions asserted by Mr. Penn and Mr. Cave–Bigley do not bring the matter within the scope of 11 U.S.C.A. § 1334(b). *In re Lemco Gypsum, Inc.,* 910 F.2d at 789.

The Court is persuaded that it does not have subject matter jurisdiction under 11 U.S.C.A. § 1334(b) to hear the lender liability actions asserted by Mr. Penn and Mr. Cave–Bigley. Plaintiffs' assertion that Debtor is also a shareholder is too tenuous a connection to confer jurisdiction on this United States Bankruptcy Court over Mr. Penn's and Mr. Cave–Bigley's claims.

■ The Court now turns to consider Plaintiffs' argument that this Court has jurisdiction under the Supplemental Jurisdiction of 28 U.S.C.A. § 1367(a).

Section 1367 of 28 U.S.C.A. provides, in part:

### § 1367. Supplemental jurisdiction

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(a) and (c) (West 1993).

"Section 1367(a) requires the district court to exercise supplemental jurisdiction over claims which are closely related to claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(a) (1993). 'Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.' *Id.*" *McCoy v.*

*Webster,* 47 F.3d 404, 406 n. 3 (11th Cir. 1995).

"[T]he district courts' exercise of ancillary and pendent jurisdiction, now referred to as supplemental jurisdiction, is discretionary" as provided by 28 U.S.C.A. § 1367(c). *Eubanks v. Gerwen,* 40 F.3d 1157, 1161 (11th Cir. 1994).

"[T]here is a serious question whether 28 U.S.C. § 1367 is applicable to bankruptcy cases." *Chapman v. Currie Motors, Inc.,* 65 F.3d 78, 81 (7th Cir.1995); *Walker v. Cadle Co. (In re Walker),* 51 F.3d 562, 572 (5th Cir.1995) (bankruptcy court does not have power to exercise supplemental jurisdiction).

Plaintiffs filed, in this Court, an adversary proceeding against Defendant. Plaintiffs argue that the adversary proceeding should be tried to a jury before a district court judge. Whether the claims of Mr. Penn and Mr. Cave–Bigley are tried before a district court judge or a bankruptcy judge,[9] the Court must have jurisdiction of the claims under federal bankruptcy jurisdiction. Since the claims of Mr. Penn and Mr. Cave–Bigley against Defendant are not sufficiently related to Debtor's bankruptcy case to invoke federal bankruptcy jurisdiction, there is no power to exercise supplemental jurisdiction. What Mr. Penn and Mr. Cave–Bigley ask this Court to do is not what was intended through the exercise of supplemental jurisdiction.

Defendant asserts a counterclaim in this adversary proceeding against Plaintiffs. In Count I of the counterclaim, Defendant seeks to recover on Mr. Penn's and Mr. Cave–Bigley's personal guarantees of Debtor's obligations. The counterclaim also asserts that Plaintiffs made false representations to Defendant to obtain financing for Debtor's operations. Defendant argues that the proper venue for its counterclaim is with the federal and state courts in Jefferson County, Alabama. Defendant argues that its counterclaim is a non-core proceeding.[10] In the Court's view, Defendant's counterclaim against Mr. Penn and Mr. Cave–Bigley is strictly a nonbankruptcy controversy with

third parties in a matter unrelated to Debtor's bankruptcy estate. The Court is persuaded that it does not have jurisdiction to hear Defendant's counterclaim against Mr. Penn and Mr. Cave–Bigley. The Court, therefore, will dismiss Defendant's counterclaim as to Mr. Penn and Mr. Cave–Bigley.

Defendant also argues that Mr. Penn and Mr. Cave–Bigley lack standing to assert their lender liability actions. Defendant argues that their actions properly belong to Debtor. The Court has determined that it lacks subject matter jurisdiction to hear Mr. Penn's and Mr. Cave–Bigley's lender liability actions. The Court, therefore, need not consider the merits of Defendant's lack of standing argument.

An order in accordance with this memorandum opinion will be entered this date.

---

**9.** *See* 28 U.S.C.A. § 157(e) (West Supp.1996).

**10.** *Defendant's Second Amended and Restated Answer and Counterclaim,* p. 15 (filed April 15, 1996).