In the Matter of POTOMAC SYSTEMS ENGINEERING, INC., Debtor.

Tazewell SHEPARD, as Trustee of the Bankruptcy Estate of Potomac Systems Engineering, Inc., and BankersTrust of Madison, an Alabama banking institution, Plaintiffs,

v.

UNITED STATES of America, DEPARTMENT OF The TREASURY–INTERNAL REVENUE SERVICE, Defendants.

Bankruptcy No. 96–80984.
Adv. No. 96–80152.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Aug. 29, 1996.

Tazewell T. Shepard, II, Chapter 7 Trustee, Huntsville, AL.

Donald M. Wright, Sirote & Permutt, Birmingham, AL, for debtor.

Michael N. Wilcove, Trial Attorney, Tax Division, Washington, DC, for U.S. Dept. of Justice.

Richard O'Neal, Assistant United States Attorney, Birmingham, AL, for Dept. of Defense.

## ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on the motion of the defendants seeking an order dismissing Count I of the above styled adversary proceeding. Upon due consideration of the arguments of counsel, and the documents submitted in support thereof, it is the opinion of the Court that this Court does not have subject matter jurisdiction over Count I of the complaint.

On April 1, 1996, BankersTrust and two other creditors initiated an involuntary Chapter 7 Bankruptcy proceeding against Potomac Systems Engineering, Inc. (hereinafter "Potomac"). The Court appointed Tazwell Shepard, Esq., as Chapter 7 trustee on April 12, 1996. The trustee and BankersTrust (hereinafter the "plaintiffs"), instituted this adversary proceeding in the United States District Court for the Northern District of Alabama on April 23, 1996. Upon plaintiffs' Motion for Reference of Case, the District Court entered an order referring the instant proceeding to this Court on May 15, 1996.

In Count I of the complaint, plaintiffs seek the return of certain funds levied and seized by the defendants, and in support thereof

1. Plaintiffs also cite 26 U.S.C. § 7426 of the Internal Revenue Code in their Response and

cite 11 U.S.C. § 105 of the Bankruptcy Code and 26 U.S.C. § 6323 of the Internal Revenue Code.[1] Defendants filed the instant motion to dismiss and argue that this Court lacks jurisdiction to adjudicate the claim set forth in Count I of the complaint. Defendants argue that the Court lacks subject matter jurisdiction to the extent that the plaintiffs seek the return of funds that are not property of the estate.

Plaintiffs counter that the cause of action in Count I concerns the allowance of claims against the bankruptcy estate and requires a determination of "the validity, amount and priority of the competing claims of the IRS and BankersTrust in and to property of the bankruptcy estate." (Plaintiffs' Response, AP Doc. # 15, p. 7) Accordingly, plaintiffs contend that Count I of the complaint constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K). Alternatively, plaintiffs argue that the Court has jurisdiction to hear this cause of action as a proceeding related to the bankruptcy case within the meaning of 28 U.S.C. § 1334.

▪ The Court rejects plaintiffs' arguments and finds that Count I of the complaint is not a core proceeding within the meaning of 28 U.S.C. § 157. The Court further finds the claim set forth in Count I is not sufficiently related to Potomac's bankruptcy case so as to be properly under the jurisdiction of this Court.

▪ In the case at bar, BankersTrust and the defendants claim competing liens in the subject property in an aggregate amount that exceeds the value of the property. The jurisdiction of this Court does not extend to property in which the debtor has no interest. *Romar Int'l Ga., Inc. v. Southtrust Bank (Matter of Romar Int'l Ga., Inc.)* 198 B.R. 401 (Bankr.M.D.Ga.1996). Disputes between a debtor's creditors "over non-estate property" constitute non-core, unrelated cases over which the bankruptcy court lacks jurisdiction. *First National Bank of Geneva v. Biallas (In re Denalco Corp.),* 57 B.R. 392, 394 (Bankr.N.D.Ill.1986).

Memorandum to Motion to Dismiss Parties and Claims. (AP Doc. # 15).

Plaintiffs attempt to distinguish cases in which courts have determined that bankruptcy courts lack jurisdiction to consider disputes between third parties over non-estate property by arguing that the trustee has not abandoned its interest in the subject property, and by insisting that the trustee may have a possible superior claim in the subject funds. However, the facts of the case at bar simply do not appear to support such arguments. In reality, "there is nothing to suggest that the debtor's estate could ever ... assert any colorable interest" in the subject property. *Id.* at 395.

Plaintiffs further argue that any funds recovered by the trustee for the estate will constitute cash collateral of the estate over which this Court has jurisdiction. Such argument suggests that the outcome of this litigation will potentially effect the administration of Potomac's bankruptcy estate. The Court rejects this argument and relies upon the case of *In re Denalco* where the bankruptcy court was confronted with a priority dispute between two competing lien creditors over proceeds in property in which the trustee disclaimed any interest. The district court found that the subject property was of no value to the bankruptcy estate where the debtor was proceeding in a "straight Chapter 7 liquidation proceeding," and the trustee agreed to the sale of the property. *Id.* Under such circumstances, the district court determined that the bankruptcy court lacked subject matter jurisdiction to determine the dispute between the two competing lien creditors. Similarly in the case at bar, the trustee voluntarily agreed to the sale of the debtor's assets to effectuate this "straight Chapter 7 liquidation proceeding." The primary difference between the case at bar and *In re Denalco* is the fact that the trustee in the case at bar has not disclaimed its interest in the subject property. However, the trustee's failure to abandon its interest in the subject property cannot vest subject matter jurisdiction in this Court where the trustee's retained interest is of no value to the bankruptcy estate.

Where a dispute between competing lien creditors will not affect the amount of property available for distribution for other creditors, the dispute is not sufficiently related to the debtor's bankruptcy case to vest a bankruptcy court with subject matter jurisdiction. *Cullen Electric Co. v. Bill Cullen Electrical Contracting Co. (In re Bill Cullen Electrical Contracting Co.)*, 160 B.R. 581, 583 (Bankr.N.D.Ill.1993). Accordingly, the Court finds that it does not have subject matter jurisdiction to adjudicate Count I of the instant complaint. This determination mandates the dismissal of Count I or withdrawal of the reference to the District Court. Faced with this possible outcome at the hearing, plaintiffs requested an opportunity to file a motion to withdraw the reference to the District Court.

Based upon the foregoing, the Court finds, and it is ORDERED, ADJUDGED and DECREED that:

1. This Court lacks subject matter jurisdiction to adjudicate the claims set forth in Count I of the complaint.

2. The plaintiffs have thirty (30) days to file a Motion to Withdraw the Reference of Count I of the complaint or the complaint in its entirety to the United States District Court for the Northern District of Alabama. Failure to file such motion shall result in the dismissal of Count one (1) of the complaint without further notice or hearing.

Done and Ordered.