In the Matter of HUNTSVILLE SMALL ENGINES, INC., EIN: 63–1178883, Debtor.

SouthTrust Bank, N.A., Plaintiff,

v.

WCI Outdoor Products, Inc. D/B/A Husqvarna Forest and Garden Co., Defendant.

Bankruptcy No. 97–83282–JAC–11.
Adversary No. 98–80198–JAC–11.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Dec. 9, 1998.

Jay Bender, Bradley, Arant, Rose & White LLP, Birmingham, AL, for Plaintiff.

Clark Hammond, Balch & Bingham LLP, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

On September 28, 1998, the Court held a pretrial conference on the complaint filed by SouthTrust Bank, N.A. ("SouthTrust") to avoid and recover transfers of property against WCI Outdoor Products, Inc., d/b/a Husqvarna Forest and Garden Co. ("Husqvarna") pursuant to 11 U.S.C. §§ 547 and 550 of the Bankruptcy Code. The parties have filed cross motions for summary judgment with supporting briefs and submitted same for a ruling without a hearing based on the submitted stipulations of fact. The Court has considered same and finds that Husqvarna is entitled to summary judgment as a matter of law on all claims asserted against it by SouthTrust.[1]

---

1. This memorandum opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

On August 27,1997, the debtor filed a voluntary petition in bankruptcy under chapter 11 of Title 11 of the United States Code. In its bankruptcy schedules, the debtor listed Husqvarna as an unsecured creditor and SouthTrust as a secured creditor. SouthTrust is one of the debtor's largest creditors with an allowed secured claim in the amount of $218,837.88, secured by a lien on the debtor's equipment, inventory, accounts, and the proceeds thereof. On January 5, 1998, Husqvarna filed a proof of claim in the debtor's case in which the defendant asserted a secured claim in the amount of $51,851.92. In its Statement of Financial Affairs, the debtor listed Husqvarna as having repossessed inventory in August of 1997 within one year prior to the filing date.

On November 13, 1997, the debtor filed its plan and disclosure statement and served a copy of same on the defendant. The disclosure statement and plan did not reference a specific avoidance action against Husqvarna, but contained the following blanket provision:

6. Notwithstanding confirmation of the Plan, the Debtor shall have all rights after confirmation to pursue all causes of action as it may have had before confirmation under any state or federal law.

Husqvarna filed a ballot accepting the plan of liquidation on December 8, 1997.

On December 15, 1997, SouthTrust filed its objection to the disclosure statement in which plaintiff contended that the disclosure statement failed to explain whether the debtor expected to recover preferential transfers "to creditors, including Husqvarna."[2] On January 12, 1998, the debtor filed a response to SouthTrust's objection to disclosure statement in which debtor stated that it did "not expect to recover any preferential transfers; however, since SouthTrust is the primary creditor and would benefit most from any recovery of avoidable transfers, the Debtor proposes to assign any and all rights to recover such transfers to SouthTrust Bank." Neither the objection nor the debtor's response were served on Husqvarna.

On January 22, 1998, the Court entered an order confirming the debtor's chapter 11 liquidation plan pursuant to which there will be no distribution to unsecured creditors. The confirmation order contained a provision approving the assignment by debtor to SouthTrust of all the debtor's right, title and interest to any avoidance claims against Husqvarna pursuant to which this adversary proceeding was filed. SouthTrust gave no monetary consideration for the assignment. On July 27, 1998, SouthTrust filed the above styled adversary proceeding in which the bank alleges that Husqvarna received certain transfers from the debtor on or within ninety (90) days prior to the debtor's filing date that were preferences under § 547 of the Bankruptcy Code. The transfers allegedly occurred by Husqvarna's repossession of inventory purchased by the debtor from the defendant for resale as part of the debtor's business.

Husqvarna contends that (1) SouthTrust lacks standing to prosecute the claims asserted in the complaint despite the assignment contained in the confirmation order as such claims are not assignable to a third party for the benefit of that party; (2) recovery under plaintiff's asserted claim will produce no benefit to the estate as required by § 550; (3) SouthTrust's claims are barred by *res judicata* because the reservation language contained in debtor's liquidation plan does not satisfy the statutory requirements of 11 U.S.C. § 1123(b)(3)(B) by specifically retaining the claims against Husqvarna; and (4) SouthTrust's claims are barred by *res judicata* because the debtor's disclosure statement and plan did not identify the specific existence of any preference actions.

## ANALYSIS

■ Pursuant to Federal Rule of Civil Procedure 56(c) and Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate where there is no genuine issue of material fact and the court determines that the moving party is entitled to judgment as a matter of law while viewing

---

**2.** On December 22, 1997, SouthTrust also filed an objection to confirmation on the ground that the debtor's plan improperly classified the plaintiff with all other secured creditors. SouthTrust did not serve the objection to confirmation on Husqvarna.

the evidence in a light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Once the movant establishes a prima facie showing of entitlement to summary judgment as a matter of law, the non-movant must demonstrate that there is a genuine issue of material fact for trial. *Id.* at 324, 106 S.Ct. 2548. Where both parties seek summary judgment, the Court must consider each motion independently and apply the applicable standards to each motion to determine whether summary judgment is appropriate under either motion. *In re Envirodyne Indus., Inc.*, 176 B.R. 825 (Bankr.N.D.Ill.1995). Upon due consideration of the pleadings, arguments of counsel, and relevant law, the Court finds that there is no genuine issue of material fact in the present case and that Husqvarna is entitled to judgment as a matter of law.

## A. SOUTHTRUST LACKS STANDING TO ASSERT THIS ACTION BECAUSE AN AVOIDANCE ACTION MAY NOT BE MAINTAINED BY A THIRD PARTY EXCEPT IN LIMITED CIRCUMSTANCES THAT DO NOT APPLY TO PLAINTIFF.

SouthTrust asserts that it has standing to bring this preference action against the defendant in light of the debtor's unwillingness to prosecute the action and by virtue of the Court approved assignment of the debtor's right to any avoidance claims against Husqvarna. Recently, a Wisconsin bankruptcy court rejected essentially the same argument and ruled in the case of *Met–Al, Inc. v. Gabor (In re Metal Brokers Intern., Inc.)*, 225 B.R. 920 (Bankr.E.D.Wis. 1998), that a creditor, as the assignee of the chapter 7 trustee's claim, lacked standing to assert the trustee's avoidance powers for itself. In consideration for $15,000 the trustee assigned three adversary proceedings to the plaintiff. Although notice of intent to assign was issued to all creditors, the defendant did not receive the notice and failed to object thereto.

The defendant contended that a trustee has no right to assign the trustee's avoidance powers to a third party except in the limited circumstance where there is a specific court appointment in a chapter 11 case of a third party to act on behalf of all unsecured creditors as authorized under 11 U.S.C. § 1123(b)(3)(B).[3] In defense, the plaintiff responded that it had obtained specific court permission to pursue the avoidance action by virtue of the order approving the assignment and that the assignment benefitted all creditors because the $15,000 was to be distributed as a dividend.

The bankruptcy court rejected the plaintiff's argument and held that the creditor lacked standing to assert the trustee's avoidance powers. In reaching this conclusion, the court relied on the case of *Fleet Nat'l Bank v. Doorcrafters, et al. (In re North Atlantic Millwork Corp.)*, 155 B.R. 271 (Bankr.D.Mass.1993), in which the court approved the sale of a chapter 11 debtor's assets, including all potential claims and causes of actions under § 547, to the plaintiff under an asset purchase agreement. The asset purchase agreement authorized the plaintiff to commence and prosecute the avoidance actions for itself. After the plaintiff commenced a series of adversary proceedings to recover alleged preferential transfers, the debtor converted to chapter 7 and one of the defendants brought a motion to dismiss the adversary proceeding against it for lack of standing. The Massachusetts bankruptcy court held that, absent the appointment of a third party to commence a preference action pursuant to a plan of reorganization under § 1123(b)(3)(B), no other statutory authority exists to enable another party to bring such action. In reaching this conclusion, the court stated:

> [I]t follows that the Sale order explicitly approved what upon due consideration were inappropriate assignments of the representative of the estate appointed for such purpose, of any such claim or interest."

---

3. Pursuant to § 1123(b)(3)(B), a reorganization plan may provide for "the retention and enforcement by the debtor, by the trustee, or by a

right to bring preference claims first to the (Purchaser) and then to Fleet. Since neither the statutory scheme nor the rationale of the line of cases under section 1123(b)(3)(B) permitting appointed representatives of the estate to bring preference claims pursuant to plans of reorganization applies, the motions to dismiss are meritorious with respect to Fleet's lack of standing to prosecute preference claims. Although this Court's Sale Order expressly authorized Fleet to commence and prosecute preference claims, the Sale Order did not address, let alone purport to bar, the rights of preference defendants to contest Fleet's standing. Moreover, the Sale Order did not contain a guarantee that Fleet's prosecution of preference claims would be successful or that its security interest in the preference recoveries would have value.

*In re North Atlantic Millwork Corp.,* 155 B.R. at 284.

In *Met–Al,* the bankruptcy court agreed with this reasoning and found that the case before it was even stronger for granting the defendant's motion to dismiss. Unlike the order in *North Atlantic,* the order in *Met–Al* did not expressly authorize Met–Al to commence and prosecute the preference claims. It merely approved the quit claim assignment to Met–Al. The court further noted that the defendant was not given notice of the assignment and concluded that the defendant could not be denied his right to challenge the plaintiff's standing. "To do so would be to deprive him of his due process rights. Due process guarantees to parties notice and an opportunity to be heard." *In re Metal Brokers Intern., Inc.* 225 B.R. at 922. In the current case, the confirmation order likewise merely approved the assignment without authorizing SouthTrust to prosecute the preference action and without guaranteeing that the prosecution of the preference claim would be successful. The assignment was ineffective to constitute an appointment of SouthTrust to bring the preference action as a representative of the debtor's estate as required under § 1123(b)(3)(B). In the *Met–Al* case there was consideration

in the amount of $15,000 and in the present case SouthTrust gave no monetary consideration.

SouthTrust cites the case of *Churchfield Management & Inv. Corp.,* 122 B.R. 76 (Bankr.N.D.Ill.1990) as being directly on point and in support of its position that it has standing to maintain this action as assignee of the debtor-in-possession. In that case, the bankruptcy court expressly found, however, that the debtor's plan "specifically and unequivocally" appointed the plaintiff as a representative of the debtor's estate for the purpose of pursuing the assigned causes of action. 122 B.R. at 81. In fact, the debtor's chapter 11 trustee agreed to appoint the plaintiff as a representative of the estate for the sole purpose of pursuing the causes of action assigned to the plaintiff. *Id.* at 76. In the case before the Court, the order of confirmation merely approved the assignment by debtor to SouthTrust of any avoidance claims that the debtor held against Husqvarna. Appointment of SouthTrust as a representative of the debtor's estate under § 1123(b)(3)(B), however, was clearly never contemplated nor accomplished.

## B. RECOVERY UNDER PLAINTIFF'S ASSERTED CLAIM WILL PRODUCE NO "BENEFIT TO THE ESTATE" AS REQUIRED BY 11 U.S.C. § 550.

*Churchfield* is further distinguishable because the chapter 11 trustee transferred to plaintiff all of the trustee's rights to the estate's claims, along with the right to prosecute and collect upon the claims in exchange for plaintiff's substantial monetary consideration. The court further observed that without the settlement, the estate would have continued to be involved in costly litigation which the estate might not have been able to fund. In the current case, SouthTrust gave no monetary consideration to debtor in exchange for the assignment. SouthTrust nevertheless asserts that the plaintiff's pursuit and recovery of the preferential transfer from the defendant will benefit the debtor's estate for purposes of 11

U.S.C. § 550(a)[4] as follows: (1) by reducing the value of the plaintiff's deficiency claim against the debtor's estate, (2) by relieving the debtor of the burden and expense of bringing the avoidance action; and (3) because the plaintiff withdrew its objections to the debtor's disclosure statement in consideration for the assignment of the preference claim. SouthTrust further asserts that the usual requirement that unsecured creditors benefit from the proceeds of any recovery does not apply because the unsecured creditors would not be entitled to any of the proceeds of the recovery.

The Court finds these arguments unpersuasive. Reduction of the bank's deficiency claim will not benefit creditors of the debtor's estate where no distribution to unsecured creditors were anticipated to be made, or actually made under the debtor's plan of liquidation. Where recovery will benefit an entity other than the estate, § 550's requirement that recovery be for the benefit of the estate is not satisfied. *See Wellman v. Wellman*, 933 F.2d 215 (4th Cir.1991). SouthTrust admits that had the debtor brought the preference action, SouthTrust would have been entitled to 100% of the recovery. The debtor chose not to pursue the action because there was no benefit to the estate as required under § 550. In its reply brief, SouthTrust argues that its lien covers 100% of the repossessed inventory. This cause of action is merely a dispute between two creditors that could be fought in state court.[5] With regard to SouthTrust's argument that it withdrew its objection to the debtor's disclosure statement in consideration for the assignment, it should be noted that Husqvarna would have voted against the debtor's liquidation plan had the assignment been properly disclosed instead of voting in favor of the plan.

## C. THE CLAIMS ASSERTED BY SOUTHTRUST ARE BARRED BY *RES JUDICATA.*

■ SouthTrust is precluded by the doctrine of *res judicata* from pursuing this preference action against Husqvarna because the disclosure statement and plan only contained a general retention clause reserving the debtor's right to pursue post-confirmation all pre-petition causes of action without specifically disclosing the cause of action against Husqvarna. Such blanket reservation clauses have been determined to be ineffective to retain alleged preference actions. *See In re Harstad*, 155 B.R. 500, 510 (Bankr.D.Minn. 1993) *aff'd, Harstad v. First Am. Bank*, 39 F.3d 898 (8th Cir.1994); *D & K Properties Crystal Lake v. Mutual Life Ins.*, 112 F.3d 257, 259 (7th Cir.1997); and *In re Kelley*, 199 B.R. 698 (9th Cir. BAP 1996).

The debtor's failure to disclose the potential cause of action against Husqvarna in its plan and disclosure statement was misleading as evidenced by the ballot cast by Husqvarna in favor thereof. In the case of *Mickey's Enters., Inc. v. Saturday Sales, Inc. (In re Mickey's Enters., Inc.)*, 165 B.R. 188 (Bankr. W.D.Tex.1994), the bankruptcy court determined that a chapter 11 debtor's post-confirmation adversary proceeding to recover an alleged preferential transfer was barred under the doctrine of *res judicata* where the debtor failed to disclose the cause of action in its disclosure statement. In reaching this conclusion the court stated that "the disclosure statement must give those creditors holding allowed claims who are entitled to participate (vote and object) in the confirmation process adequate notice of and informa-

---

4. Section 550 prescribes the liability of a transferee of an avoided transfer as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, *for the benefit of the estate*, the property transferred, or, if the court so orders, the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

5. Bankruptcy courts lack jurisdiction over disputes between two creditors where the resolution of the dispute cannot affect the administration of the estate. *Gallucci v. Grant (In re Gallucci)*, 931 F.2d 738 (11th Cir.1991); *Romar Int'l Ga., Inc. v. Southtrust Bank*, 198 B.R. 401 (Bankr. M.D.Ga.1996); *Shepard v. United States (In re Potomac Engineering, Inc.)*, 202 B.R. 632 (Bankr. N.D.Ala.1996).

tion regarding the claims that the debtor as reorganized will be bringing against them under the plan." *Id.* at 192–93. Like the disclosure statement and plan in *Mickey's,* the debtor's disclosure statement and plan in the present case did not specifically reference any potential cause of action against the defendant and merely contained a general retention clause. The potential cause of action against Husqvarna was first raised in SouthTrust's objection to disclosure statement and then in the debtor's response, but Husqvarna was not served with the objection nor the response and had already voted in favor of the plan before either was filed. If the debtor had disclosed the avoidance claim in its plan and disclosure statement, Husqvarna would have voted against the plan. Husqvarna should have received notice of the proposed change to give the defendant an opportunity to change its vote. It is clear from the ballots filed in the case that if Husqvarna had changed its vote and objected to the modification, the plan could not have been confirmed. The debtor's failure to disclose the avoidance claim results in the claim being barred by the doctrine of *res judicata.*

Citing the case of *In re Kelley,* 199 B.R. 698, 704 (9th Cir. BAP 1996), SouthTrust asserts that the debtor clearly is not barred from asserting the claim against the defendant because the debtor disclosed the avoidance claim against Husqvarna in its bankruptcy schedules. In *Kelley,* the chapter 11 debtor objected to a creditor's claim post-confirmation. Prior to confirmation of the debtor's plan, the debtor engaged in extensive negotiations with the creditor that resulted in the creditor voting for the debtor's plan. After confirmation, the debtor filed an objection to the creditor's claim and argued that it was entitled to raise the objection due to the blanket reservation of right contained in the debtor's confirmation order to initiate an adversary proceeding to contest any claim within thirty days of plan confirmation. The court rejected the debtor's argument and stated that "if the debtor fails to mention the cause of action in either his schedules, disclosure statement, or plan, then he will be precluded from asserting it postconfirmation." *Id.* at 703. The court noted that the defendant referenced potential claims against the

defendant in its disclosure statement by stating that "the proper amount of the debt to South Bay Bank may be reduced ... by counter claims which the Kelleys may have against South Bay Bank." *Id.* The court found, however, that this vague reference to a potential counterclaim against the bank was not sufficient to bar the application of the doctrine of *res judicata* to the debtor's counterclaims. The Court in the current case, likewise, finds that the mere disclosure by the debtor in its Statement of Financial Affairs that Husqvarna repossessed inventory within one year of the bankruptcy petition is insufficient to prevent the application of the doctrine of res judicata to this specific action.